# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50310 | **DATE** | 4/12/2002 |
| **CASE TITLE** |  | BEACH vs. DeKALB CLINIC | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss Count II is denied.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 12 2002 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4-12-02 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Pamela Beach, has filed a three-count complaint in this court against DeKalb Clinic, Chartered, an Illinois Corporation ("The Clinic"), alleging violations of Title VII, 42 U.S.C. § 2000(e) et seq. Beach has sought relief on three theories: gender discrimination (Count I), sexual harassment (Count II), and retaliatory discharge (Count III). Jurisdiction and venue are proper pursuant to 42 U.S.C. § 2000e-5(f)(3).

Although the Clinic has answered Counts I and III, it has filed a motion to dismiss Count II with prejudice for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), the court must take all facts alleged in the complaint, and any inferences that might be reasonably drawn from those factual allegations, and construe them in the light most favorable to the plaintiff. E.g., Szumny v. Am. Gen. Finance, 246 F.3d 1065, 1067 (7th Cir. 2001). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In the Count II, Beach alleges sexual harassment beginning in the summer of 1996. (Compl., p. 3). The last act of sexual harassment was alleged to have occurred in October of 1998. Id. Beach filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 1, 2001, and she filed suit in this court on August 31, 2001. The Clinic maintains it was never given notice of Beach's claim of sexual harassment since the charge of discrimination it received only listed facts supporting claims for sex discrimination and retaliatory discharge. (Def. Mot. to Dismiss, Exh. C). Beach replies that her sexual harassment claim is reasonably related to her claims of sexual discrimination and retaliatory discharge. She further urges this court to look outside the four corners of the EEOC charge form and consider the charge questionnaire she filled out, detailing her sexual harassment claim. (Pl. Memo., p. 4).

In the Clinic's reply in support of its motion to dismiss it asserts, for the first time, that Beach's allegations of sexual harassment are time barred. At this late hour, however, the court will not permit the Clinic to raise such a defense. Beach has not had an opportunity to respond to the defense, and the court thus deems it waived for purposes of this motion to dismiss. See Venters v. City of Delphi, 123 F.3d 956, 968 (7th Cir. 1997) ("[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.") (quoting Perez v. United States, 830 F.2d 54, 57 (5th Cir. 1987)).

As a preliminary matter, the court realizes that it cannot look to documents outside of the pleadings without converting this motion to dismiss into one for summary judgment. See Woods v. City of Chicago, 234 F.3d 979, 986 (7th Cir. 2000), cert. denied, 122 S. Ct. 354 (2001). Although Beach urges this court to look to the questionnaire referenced in her response to the motion to dismiss, it will not do so. Nevertheless, the court will examine the arguments and facts alleged in Beach's response that are consistent with the complaint, in accordance with the duty to determine whether the plaintiff can prove any set of facts in support of her claim that would entitle her to relief, and the duty to resolve ambiguities in the plaintiff's favor. See Ross Bros. Constr. Co. v. Int'l Steel Servs., Inc., No. 01-1578, 2002 WL 413172, at *5 (7th Cir. Mar. 18, 2002); Hrubec v. Nat'l R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992); Early v. Bankers Life & Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992). Beach contends she intended the EEOC to investigate her claim of sexual harassment, and that she submitted a questionnaire to the EEOC which included allegations of sexual harassment. Proof of these facts would entitle her to proceed despite the lack of sexual harassment allegations in the EEOC charge. See Vela v. Sauk Village, 218 F.3d 661, 664 (7th Cir. 2000); Cheek v. W. & S. Life. Ins. Co., 31 F.3d 497, 502 (7th Cir. 1994). Therefore, Count II is sufficient to withstand this motion to dismiss. Notwithstanding the denial of the motion at this time, it appears that the sexual harassment claim may be beyond the statute of limitations in this case. See Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002); Speer v. Rand McNally & Co., 123 F.3d 658, 662 (7th Cir. 1997). The Clinic may thus choose to raise the matter by summary judgment after discovery is completed if Beach elects not to forgo the sexual harassment claim.

For the reasons set forth above, the Clinic's motion to dismiss Count II under Rule 12(b)(6) is denied.