JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50310 | **DATE** | 6/1/2004 |
| **CASE TITLE** | BEACH vs. DEKALB CLINIC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted as to all federal claims. These claims are dismissed in their entirety with prejudice. The state law claim is dismissed for lack of subject matter jurisdiction without prejudice to being filed in state court. Defendant's motion to strike is denied. This case is terminated.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| ✓ | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 6-2-04 date docketed | 47 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | 6-2-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Pamela Beach, brings this action against DeKalb Clinic, Chartered, her former employer, alleging employment discrimination based on sex (Count I), sexual harassment (quid pro quo) (Count II), and retaliation (Count III), all in violation of 42 U.S.C. § 2000e et seq. ("Title VII"). Jurisdiction and venue are proper under 42 U.S.C. § 2000e-5 (f) (3). Defendant moves for summary judgment and to strike certain portions of plaintiff's response to the summary judgment motion.

Summary judgment is appropriate when, after construing all facts and drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Hall v. Bodine Elec. Co., 276 F.3d 345 (7th Cir. 2002). In order to avoid summary judgment, a plaintiff needs to supply evidence sufficient for a jury to render a verdict in plaintiff's favor. See Basith v. Cook Cty, 241 F.3d 919, 926 (7th Cir. 2001). Count I asserts discrimination in employment based on sex. Plaintiff does not proceed under the direct method of proving discrimination but attempts to establish a prima facie case via the indirect method. To do so, she must establish 1) she belongs to a protected class, 2) she was performing her job satisfactorily, 3) she suffered an adverse employment action, and 4) at least one similarly situated employee, not in the protected class, was treated more favorably. Wyninger v. New Venture Gear, Inc., 361 F.3d 965, 978 (7th Cir. 2004). A similarly situated employee is someone who is directly comparable in all material respects. Peele v. Country Mut. Ins. Co., 288 F.3d 319, 330 (7th Cir. 2002). Plaintiff was the information systems ("IS") manager and payroll manager for defendant. Plaintiff claims she was discriminated against based on sex when defendant reduced the pay range for her job, and, when she resigned the IS position and became just the payroll manager, hired a male at a higher rate of pay. Plaintiff contends her IS replacement, Tom Garland, was similarly situated to her. When plaintiff was IS manager, she outsourced some computer related functions to Multipoint Computers, Inc. Garland was one of the co-owners of Multipoint. Garland was the individual from Multipoint who performed the services for defendant outsourced by plaintiff. Plaintiff did not have as extensive a background in IS as Garland. While plaintiff argues that she never refused training and was willing to undertake whatever training was necessary, this is not the issue. Plaintiff resigned the position and was replaced by someone else with a stronger background in IS. While it may have been more prudent for defendant to have kept plaintiff at the higher pay scale based on the other services she was providing to defendant, failing to do so was not sex discrimination. The court is not a "super personnel department." See Davis v. Con-Way Transp.Cent. Express, Inc., No. 03-2569, 2004 WL 1095758, *6 (7th Cir. May 18, 2004). Plaintiff has failed to present evidence a similarly situated employee was treated more favorably.

Count II asserts quid pro quo sexual harassment.[1] Plaintiff was terminated on June 21, 2000. She maintains she was terminated because she declined sexual advances by her female superior. The evidence of these advances is events that occurred in February 1997 (giving plaintiff a satin night gown for Valentine's Day as part of an anonymous employee gift exchange ) and October 1998 (appearing naked in plaintiff's presence in a hotel room they were sharing on a business trip). Plaintiff also references the superior showing a nude picture of herself to plaintiff and inviting plaintiff and plaintiff's husband to the superior's hot tub, but does not give a dates for thess occurrences. However, none of the incidents involved the superior making any sexual requests of plaintiff and the most recent event occurred 20 months prior to plaintiff's termination. Plaintiff did not report her superior's actions until May, 2000. Plaintiff also admits that she engaged in discussions and joking of a sexual nature with her co-workers throughout her employment. Pl. Memo. p. 10. The actions taken by plaintiff's supervisor, even if they can be considered as sexual overtures, are not sufficient to be actionable. See Wolf, 250 F.3d at 1144.

Count III is for retaliation. Plaintiff seems to have mixed claims for state law retaliatory discharge based on her reports of timekeeping irregularities with a claim she was retaliated against for complaining about the wage differential between Garland and herself based on sex. Plaintiff does not present evidence under the direct method of proving retaliation. Under the indirect method for proving a Title VII retaliation claim, plaintiff must show 1) she engaged in a statutorily protected activity; 2) she performed her job according to her employer's legitimate expectations; 3) she suffered an adverse employment action; and she was treated less favorably than similarly situated employees who did not engage in the protected activity. Davis, 2004 WL 1095758 at *10. Plaintiff has failed to present any evidence that any similarly situated employee was treated more favorably. Her retaliation claim must fail.

Because this order disposes of all federal claims, the court declines to exercise supplemental jurisdiction over any state law retaliatory discharge claims advanced by plaintiff. See Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, 534 U.S. 824 (2001).

For the foregoing reasons, defendant's motion for summary judgment is granted as to all federal claims. These claims are dismissed in their entirety with prejudice. The state law claim is dismissed for lack of subject matter jurisdiction without prejudice to being filed in state court. Defendant's motion to strike is denied. This case is terminated.

---

[1] The distinction between quid pro quo and hostile environment sexual harassment has been abandoned in favor of the distinction between cases where "the supervisor takes a tangible employment action against the subordinate and those in which she does not." Wolf v. Northwest Indiana Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir.), cert. denied, 534 U.S. 1028 (2001).